United States District Court
Southern District of Texas
**ENTERED**
December 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIO ESCOLONA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00290 |
| | § | |
| RYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN PLAINTIFFS**

Plaintiffs Julio Escolona, Isidro Rodriguez, Rogelio Rodriguez, Giovanni Dastych, Jorge Sanchez, and Jorge Rodriguez have jointly filed this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. They are currently confined at the Garza West Transfer Facility in Beeville, Texas.

Plaintiffs sue the following defendants: (1) the Texas Department of Criminal Justice (TDCJ); (2) TDCJ Commissioner Ryan Collier; (3) Senior Warden J. Gaona; and (4) Chaplain V.A. Crittenden. (D.E. 1). Plaintiffs, who are "Devotees of the Santisima Muerte faith," allege that Defendants have violated their First Amendment right to practice their religion. Plaintiffs seek declaratory, injunctive, and monetary relief.

Plaintiffs have filed a Motion to Proceed *In Forma Pauperis* (IFP), signed only by Plaintiff Escolona. (D.E. 2). However, with regard to a multiple-plaintiff case filed *pro se*

by several inmates, each co-plaintiff must pay the full filing fee.[1] *See Sneed v. Cotton*, No. 3:08-CV-2273, 2009 WL 222760, at *1 (N.D. Tex. Jan. 29, 2009). *See also Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (refusing to allow the joinder of multiple plaintiffs attempting to circumvent the PLRA's unambiguous requirement that each prisoner be required to pay the full amount of the filing fee).

Rather than proceed in a single action, the undersigned finds that each co-plaintiff listed in the complaint should be required to file his own civil action asserting his individual claims. "Separate cases are proper because of the need for each individual plaintiff to represent himself with regard to the claims alleged in this case, the need for each plaintiff to sign the pleadings, and the likelihood that the factual grounds for each inmate's claims may differ." *Sneed*, 2009 WL 222760 at *1.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that only Plaintiff Julio Escolona proceed in this action because (1) it is apparent that he prepared the complaint and mailed it to the Court; and (2) he was the only plaintiff to sign the Motion to Proceed IFP.

The undersigned **RESPECTFULLY RECOMMENDS** further that Plaintiffs Isidro Rodriguez, Rogelio Rodriguez, Giovanni Dastych, Jorge Sanchez, and Jorge Rodriguez be **DISMISSED without prejudice** to each plaintiff's right to file a new complaint on the appropriate form for filing a 42 U.S.C. § 1983 complaint along with either full payment of the filing fee or a motion seeking leave to proceed IFP.

---

[1] Pursuant to the Prison Litigation Reform Act ("PLRA), a prisoner must ultimately pay the full filing fee even when he or she is granted leave to proceed IFP. 28 U.S.C. § 1915(b).

Respectfully submitted on December 15, 2020.

Julie K. Hampton
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs*. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).