United States District Court
Southern District of Texas
**ENTERED**
February 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIO ESCOLONA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00290 |
| | § | |
| RYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Plaintiff Julio Escolona, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff has stated First Amendment claims against **Defendants Ryan Collier and C.F. Hazlewood** in their individual and official capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.**  The undersigned will order service on these defendants.   The undersigned respectfully recommends further that: (1) **J. Gaona and V.A. Crittenden** be **DISMISSED** from this action; and (2) Plaintiff's First Amendment claims against the Texas Department of Criminal Justice (TDCJ) be **DISMISSED** with prejudice as barred by the Eleventh Amendment.

1 / 8

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Garza West Transfer Facility in Beeville, Texas.  Plaintiff's allegations in this case arise in connection with his current housing assignment.

In his original complaint, Plaintiff sued the following defendants: (1) the TDCJ; (2) TDCJ Commissioner Ryan Collier; (3) J. Gaona, Senior Warden at the Garza West Transfer Facility; and (4) Chaplain V.A. Crittenden. (D.E. 1). Plaintiff, who is a "Devotee[]" of the Santisima Muerte faith," alleged that these defendants violated his First Amendment right to practice his religion.

At the Court's request, Plaintiff has filed his First Amended Complaint in which he names the following defendants: (1) the TDCJ; (2) C.F. Hazlewood, the Director of Religious Service; and (3) Ryan Collier, the Commissioner of the TDCJ.[1]  (D.E. 16). Plaintiff sues the individual defendants in their individual and official capacities.  Plaintiff reiterates that he has been denied his First Amendment right to practice his Santisima Muerte faith. He seeks declaratory, injunctive, and monetary relief.

---

[1] Plaintiff does not name Senior Warden Gaona and Chaplain Crittenden in his First Amended Complaint. Accordingly, it is respectfully recommended that these two defendants be dismissed from this action.

Plaintiff alleges the following in his First Amended Complaint (D.E. 16).  Plaintiff is a "devotee of Santisima Muerte." (D.E. 16-3, p. 1).  Santisima Muerte is Plaintiff's deity, his angel, his saint, and his everything.  According to Plaintiff, Santisima Muerte "has been worshipped in every culture [and] during every era of human history." (D.E. 16-3, p. 1).  Plaintiff further states that Santisima Muerte is "the mother of mystery who discloses herself to all who seek her." (D.E. 16-3, p. 2).

Plaintiff describes that Santisima Muerte may be worshipped both individually and collectively.  Personal devotion varies from person to person and may include prayer, alter veneration, and meditation.  Collective devotion may include group medication, group alter veneration of Santisima Muerte statues, and the lighting of candles and/or incense.  Group assembly for services is strongly recommended as the power of Santisima Muerte is much more effective.

Plaintiff asserts that, pursuant to the TDCJ's unofficial policy and practice, Santisima Muerte is not an approved faith.  The TDCJ, through the actions of Defendants Collier and Hazlewood as policy makers, has deprived Plaintiff of any accommodations to practice his religious faith.  Plaintiff's various requests for any religious accommodations for his Santisima Muerte faith have been denied or gone unanswered.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.    DISCUSSION

### A.    Eleventh Amendment

Plaintiff has named the TDCJ as one of the defendants in this case.  The Eleventh Amendment bars suit against state entities such as the TDCJ regardless of whether money damages or injunctive relief is sought under § 1983.  *See Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Clay v. Texas Women's University*, 728 F.2d 714, 715-16 (5th Cir. 1984). Accordingly, it is respectfully recommended that Plaintiff's § 1983 claims against the TDCJ be dismissed with prejudice as barred by the Eleventh Amendment.

### B.      First Amendment

The First Amendment provides that Congress shall make no law respecting the establishment of religion or prohibiting the free exercise thereof. U.S. Const., amend I. While prisoners retain their First Amendment rights, including the right to free exercise of religion, they only retain those First Amendment rights which "are not consistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 427 U.S. 817, 822 (1974).

Thus, a prisoner's right to practice his religion may be limited where the prison officials establish that there is a legitimate penological objective. *Id.*; *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972) (per curiam); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Plaintiff's allegations set forth in his First Amended Complaint reflect his sincere belief in the Santisima Muerte faith.  His allegations further reflect that the actions of Defendants Hazlewood and Collier, as guided by TDCJ policy, have placed a substantial burden on his ability to practice his religion.  Plaintiff's allegations are sufficient at this stage to warrant further factual development of his First Amendment claims. Accordingly, the undersigned recommends retaining Plaintiff's First Amendment claims against Defendants Hazlewood and Collier in their individual and official capacities.

## V.     RECOMMENDATION

For purposes of § 1915(e)(2)(B), Plaintiff has stated sufficient facts that, if true, state First Amendment claims against **Defendants Ryan Collier and C.F. Hazlewood** in their individual and official capacities.  Accordingly, it is respectfully recommended that these claims be **RETAINED**.  The undersigned will order service as to these defendants by separate order.

The undersigned respectfully recommends further that: (1) **J. Gaona and V.A. Crittenden** be **DISMISSED** from this action; and  (2) Plaintiff's First Amendment claims against the Texas Department of Criminal Justice (TDCJ) be **DISMISSED** with prejudice as barred by the Eleventh Amendment.

Respectfully submitted on February 8, 2021.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).