UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JULIO ESCOLONA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-00290 |
| § | |
| RYAN COLLIER, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 28). The M&R recommends that Defendants Bryan Collier and C.F. Hazlewood's motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (D.E. 25), be granted in part and denied in part. (D.E. 28, p. 12). Defendants filed timely objections to the M&R. (D.E. 29). When a party objects to the findings and recommendation of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3).

### I. Defendants' objections to the M&R

(1) Plaintiff's claims for equitable relief are rendered moot by his transfer to a different Texas Department of Criminal Justice ("TDCJ") unit and subsequent change of his faith designation. (D.E. 29, p. 5).

(2) Because Plaintiff seeks only punitive damages, dismissal of that claim requires dismissal of all his personal capacity claims. *Id*. at 6.

(3) If the Court construes Plaintiff's claim for "mental anguish" separately from his claim for punitive damages, those claims are barred by the Prison Litigation Reform Act. *Id.*

(4) Defendants are entitled to qualified immunity at this stage because Plaintiff has not alleged any violation of clearly established law. *Id*. at 7.

**A. Mootness of Plaintiff's claims for equitable relief**

Article III of the Constitution limits federal jurisdiction to cases and controversies. U.S. CONST. art. III, § 2. "A claim is moot when the parties are no longer 'adverse parties with sufficient legal interests to maintain the litigation.'" *DeMoss v. Crain*, 636 F.3d 145, 150 (5th Cir. 2011) (per curiam) (citing *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 324 (5th Cir. 2009)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160–61 (2016) (quoting *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)). Defendants object that Plaintiff's equitable claims must be dismissed as moot due to his transfer to a different prison unit. (D.E. 29, p. 5).

The Court disagrees based on the alleged facts and claims of this case. Generally, where an inmate challenges conditions of confinement at a particular prison facility, the transfer of the inmate out of that facility renders moot any claims for injunctive or declaratory relief moot against defendants at that unit. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that plaintiff's transfer to a different prison facility

rendered his claims for declaratory and injunctive relief moot); *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (per curiam) (holding that prisoner's Eighth Amendment claims, including allegations of overcrowding and denial of adequate medical treatment, were moot after he was transferred to another correctional facility and only remedy he sought was a transfer); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (holding that prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there); *Sias v. Jacobs*, No. 6:17cv413, 2017 WL 8229544, at *4 (E.D. Tex. Dec. 11, 2017) (finding that a prisoner's transfer from a prison unit renders moot his claims of deliberate indifference to his health when seeking injunctive relief against the defendants at that unit).

Despite the general rule illustrated above, an exception to the mootness doctrine lies in controversies that are "capable of repetition, yet evading review." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018). The exception is available where "'(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (alterations in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

Here, Plaintiff asserts that the failure to provide reasonable accommodation for the Santisima Muerte faith is "a custom, practice & unofficial policy" of the TCDJ. (D.E. 16, p. 4). Plaintiff describes that Santisima Muerte may be worshipped both individually and collectively. *See* (D.E. 16). Plaintiff indicates that personal devotion varies from person to person and may include prayer, alter veneration, and meditation. *See id.* Collective devotion may include group medication, group alter veneration of Santisima Muerte statues, and the lighting of candles and/or incense. *See id.* Group assembly for services is strongly recommended as the power of Santisima Muerte is apparently much more effective. *See id.*

After reviewing the complaint (D.E. 16), the Court finds that it is sufficient at this motion to dismiss stage to allege that there is a reasonable expectation that Plaintiff will again be subject to the same alleged acts or omissions that form the basis of his religious accommodation request, regardless of whether he transfers to a new prison within TDCJ, and regardless of whether he was able to successfully change his faith designation. *See Kingdomware Techs., Inc*, 579 U.S. at 170; *see also* (D.E. 17) (change of address); (D.E. 27) (letter explaining that Plaintiff was able to change his designated religion "when [he] got to this unit"). Therefore, the Court finds that Plaintiff's claims for equitable relief are not rendered moot by his transfer to a different prison unit, and Defendants' objections on this point are overruled. *See* (D.E. p. 5).

### B. Plaintiff's personal capacity claims

*i. Whether dismissal of Plaintiff's punitive damages requires dismissal of all personal capacity claims*

The M&R recommends dismissing Plaintiff's claims for punitive damages with prejudice. (D.E. 28, p. 7). Defendants contend that because Plaintiff seeks only punitive damages, dismissing Plaintiff's punitive damages claims results in dismissing all personal capacity claims against the individual Defendants Collier and Hazlewood. (D.E. 29, p. 6). The Court agrees. Thus, Plaintiff's claims against Defendants in their personal (i.e., individual) capacities are dismissed in toto.

*ii. Plaintiff's claim for mental anguish damages*

Plaintiff alleges that he has suffered mental anguish sufficient to warrant punitive damages. (D.E. 16, p. 4). The M&R recommends that all Plaintiff's punitive damage claims be dismissed. (D.E. 28, p. 7). As discussed above, the Court agrees and adopts the portion of the M&R dismissing all of Plaintiff's punitive damages claims. *See supra* section I.B.i. Further, like the M&R, the Court does not construe Plaintiff's claim as separate from Plaintiff's other punitive damages claims. As such, Plaintiff's claim for mental anguish is included in the dismissal of Plaintiff's punitive damages claims, and the Court need not reach Defendants' objections on this issue. *See* (D.E. 29, p. 6).

*iii. Defendants' assertion of qualified immunity*

Lastly, Defendants argue that even if the Court interpreted Plaintiff's amended complaint as seeking monetary (i.e., compensatory) rather than punitive damages, they are entitled to qualified immunity with respect to these personal capacity claims. (D.E. 29,

p. 7). However, as only equitable claims against Defendants in their official capacities remain, the Court need not decide this issue, and Defendants' objections on this issue are moot. *See* (D.E. 29, p. 7).

## II. Conclusion

After reviewing the facts, law, and recommendations set forth in the M&R, as well as Defendants' objections and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which the objections were directed, *see* 28 U.S.C. § 636(b)(1)(C), the Court adopts the M&R as modified below:

(1) Defendants' Motion to Dismiss (D.E. 25) is **GRANTED in part** with respect to:

   a. Plaintiff's claims for money damages against Defendants Bryan Collier and C.F. Hazlewood, which are hereby **DISMISSED**.

   b. Plaintiff's claims seeking punitive damages (including damages for mental anguish) against Defendants Bryan Collier and C.F. Hazlewood, which are hereby **DISMISSED**.

(2) Defendants' Motion to Dismiss (D.E. 25) is **DENIED in part** with respect to Plaintiff's First Amendment claims against Defendants Collier and Hazlewood in their official capacities.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
       March __4__, 2022